Acupuncture Healthcare Plaza I, P.C., as Assignee of Boris Goldbaum, Respondent,
against
Metlife Auto & Home, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered August 1, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,833.15.




ORDERED that the judgment is affirmed, with $25 costs.
At the commencement of a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, the parties stipulated that plaintiff had established its prima facie case and that defendant had timely denied the claims at issue. The parties agreed that the only issues at trial were whether defendant had properly denied the claims on the ground that, after defendant had paid plaintiff a reduced sum, the remaining amount sought in the claims exceeded the amount permissible by the applicable workers' compensation fee schedule, and whether the claim comprising the fifth cause of action had additionally been properly reduced based upon a $200 policy deductible. After the trial court marked as exhibits documents which included two pages of a workers' compensation medical fee schedule, the claim forms and the denial of claim forms, the trial began and plaintiff immediately rested. Defendant then stated that it did not have a witness to testify regarding the fee schedule. Defendant asked the court to take judicial notice of the workers' compensation fee schedule and rested. The Civil Court granted judgment to plaintiff, stating only that defendant had failed to proffer a witness. It is unclear whether the court took judicial notice of the workers' compensation fee schedule.
While a court is permitted to take judicial notice of, among other things, the workers' compensation fee schedule (see CPLR 4511 [b]; LVOV Acupuncture, P.C. v GEICO Ins. Co., 32 Misc 3d 144[A], 2011 NY Slip Op 51721[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 20 [2009]), the party seeking to have the court take judicial notice should provide the court with sufficient information to comply with the request (see CPLR 4511 [b]; Megacure Acupuncture, P.C. v Clarendon Natl. Ins. Co., 33 Misc 3d 141[A], 2011 NY Slip Op 52199[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and demonstrate that it "has given each adverse party notice of [its] intention to request it" (CPLR 4511 [b]). Even if the Civil Court had taken judicial notice of the workers' compensation fee schedule, the fee schedule does not, in and of itself, establish that [*2]defendant properly utilized the codes set forth within the workers' compensation fee schedule to calculate the amount which plaintiff was entitled to recover for each service rendered (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]; Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; cf. Natural Acupuncture Health, P.C. v Praetorian Ins. Co., 30 Misc 3d 132[A], 2011 NY Slip Op 50040[U] [App Term, 1st Dept 2011]). In addition, defendant also proffered no evidence to prove that the claim at issue in the fifth cause of action had been properly reduced by virtue of a $200 deductible.
Accordingly, the judgment is affirmed. 
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: February 08, 2017